UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN H. REDMOND, IV | ) |
| | ) |
| Petitioner, | ) |
| vs. | ) Case No.1:13-cv-1572-WTL-TAB |
| | ) |
| WENDY KNIGHT, | ) |
| | ) |
| Respondent. | ) |

**Entry Dismissing Petition for Writ of Habeas Corpus**

In a prison disciplinary proceeding identified as No. CIC 13-07-0225, John Redmond was found guilty of violating prison rules and was sanctioned with a written reprimand, a thirty-day loss of telephone privileges, and a fifteen-day earned credit time deprivation. On August 21, 2014, after additional review of this case, the Indiana Department of Correction ("DOC") dismissed the disciplinary case and rescinded the sanctions. The disciplinary conviction and earned credit time deprivation under case number CIC 13-07-0225 no longer appears in Redmond's DOC records. *See* Declaration of Joel Lyttle. Though he challenges this assertion, Redmond has presented no evidence to the contrary. Because the sanctions have been rescinded and the disciplinary action has been expunged from his records, Redmond's habeas challenge is moot. *Church of Scientology of Cal. v. United States,* 506 U.S. 9, 12 (1992) ("if an event occurs while a case is pending . . . that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the [case] must be dismissed."(quoting *Mills v. Green,* 159 U.S. 651, 653 (1895)). "A case is moot when issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000) (internal citations omitted).

An action which is moot must be dismissed for lack of jurisdiction. *Board of Educ. of Downers Grove Grade School Dist. No. 58 v. Steven L.,* 89 F.3d 464, 467 (7th Cir. 1996), *cert. denied,* 117 S. Ct. 1556 (1997). The fact that the habeas claim was not moot when filed does not

prevent the recognition that the claim became moot once the suspended sanction could no longer be imposed. *See United States v. Munsingwear, Inc.,* 340 U.S. 36, 39 (1950). "The requisite personal interest that must exist at the commencement of the litigation . . . must continue throughout its existence." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 68 n.22 (1997)(internal quotation marks omitted).

The respondent's motion to dismiss [dkt 15] is **granted.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 11/05/14

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

JOHN H. REDMOND, IV
DOC # 147172
PENDLETON - CIF
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064

All electronically registered counsel